IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH GLENN WEBB, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 2:09-CV-0283 |
| | § | ECF |
| | § | Referred to U.S. Magistrate Judge |
| RICK THALER, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Kenneth Glenn Webb was convicted in Texas state court of assault on a public servant and sentenced to seventy-five years imprisonment. He now challenges this conviction with a petition for federal writ of habeas corpus under 28 U.S.C. § 2254. But because his claims are without merit, his petition should be denied.

## JURISDICTION

28 U.S.C. § 2254 provides the Court with jurisdiction over the subject matter and the parties as Webb was convicted within this Court's jurisdiction and was in Respondent Rick Thaler (the Director)'s custody pursuant to this conviction at the time he filed his petition.

## PETITIONER'S ALLEGATIONS

The Director understands Webb to allege the following grounds for relief:

1. The evidence was legally insufficient because the record shows that Webb was resisting arrest rather than assaulting a public servant;

2.   He is actually innocent of the offense charged as evidence by new photographs and is at most guilty of misdemeanor assault or resisting arrest;

3.   He received ineffective assistance of trial counsel when counsel

a.   failed to request the lesser included offense of resisting arrest;

b.   failed to object to the state offering a misleading and false affidavit to the jury from Sgt. Mike Reed stating that Sgt. Ponder failed to wear a full proper uniform;

c.   promised probation to Webb and refused the state's fifteen year plea offer;

d.   failed to object to an extraneous offense during trial when the state used an extraneous offense without notice;

e.   failed to object to the state's indictment where the evidence for enhancement was based on insufficient evidence because the enhancements fail to show dates are a final conviction and when the offenses were committed;

4.   The prosecution erred by:

a.   giving false testimony that Sgt. Ponder wore a detective's uniform; and

b.   admitting extraneous offenses that were not in the indictment and not giving notice for them;

5.   The trial court erred when Webb was in jail clothing and shackles during the trial; and

6.   He received ineffective assistance of appellate counsel when counsel failed to have as a ground of error that the enhancement paragraph lacked sufficient evidence to enhance.

Fed. Writ Pet. at 7-11, Memorandum of Law at 13-34.

## GENERAL DENIAL

The Director denies all of Webb's assertions of fact except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

### I.   Procedural History

Webb challenges the Director's custody of him pursuant to a judgment and sentence of the 181st Judicial District Court of Randall County, Texas, in cause no. 18,617-B.  Fed. Writ Pet. at 2; CR[1] at 19-21.  Webb was charged with assault on a public servant, enhanced, to which he entered a plea of not guilty and true to the enhancement paragraphs.  *Id.*  On August 1, 2007, the judge found Webb guilty as charged and, finding the enhancement allegation to be true, assessed punishment at seventy-five years imprisonment.  *Id.*

Webb's conviction was affirmed by the Seventh Court of Appeals of Texas. *Webb v. State*, No. 07-07-0358-CR, 2008 WL 2229536 (Tex.App.-Amarillo May 30, 2008, pet. ref'd) (mem. opinion).  The Texas Court of Criminal Appeals (CCA) refused Webb's petition for discretionary review on September 10, 2008.  *Webb v. State*, P.D.R. No. 829-08.  On May 7, 2009, Webb filed an application for state writ of habeas corpus challenging this conviction.  *Ex parte Webb*, (SHCR-03)[2] at 1.  His petition was dismissed by the CCA on August 5, 2009 as a subsequent application pursuant to Texas Code of Criminal Procedure, Article 11.07, §4(a)-(c).  *Id.* at cover.  Webb's instant petition was file-stamped by the Court on

---

[1]   "CR" refers to the Clerk's Record of pleadings and documents filed with the trial court.

[2]   "SHCR-02" refers to the clerk's record of state habeas pleadings pertaining to the challenged conviction followed by the relevant page numbers.

November 30, 2009.  Fed. Writ Pet. at 1.[3]

## II.   Statement of Facts

The court of appeals summarized the evidence presented as follows:

On December 28, 2006, around 12:40 a.m., Sergeant Dustin Ponder arrived at 4103 Escondido to investigate a security alarm that had sounded. He was not dressed in a regular patrol uniform but rather was wearing a polo shirt with a small police department emblem on it, a police badge affixed to his belt, and a service weapon. As Ponder walked around the house, appellant walked out of the backyard through a wooden gate next to the driveway. The officer stopped appellant and asked whether he lived there. Appellant said that he did not and then ran away when asked for identification.

Ponder gave chase and the two struggled at some point. During the struggle, Ponder twice identified himself as a police officer. Nonetheless, appellant struck him in the groin and regained his freedom. Another chase ensued, which resulted in appellant reaching his truck that was parked in the alley near the house in question. As appellant attempted to start the vehicle, Ponder grabbed the keys. In response, appellant grabbed the officer's arm and threatened to cut him. Eventually, another policeman, who happened to be wearing a standard police uniform, arrived. Yet, appellant continued to refuse to obey the verbal orders of both policemen, though they eventually subdued him.

After the arrest, Ponder returned to the home where appellant was first encountered. He did not enter it because no one was there and the doors were locked. Moreover, from peering through the windows,

---

[3]   Pursuant to *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998), for purposes of determining the applicability of AEDPA, a federal petition is deemed filed on the date it is placed in the prison mail system.  However, the Director notes that although Webb asserts that he placed his petition in the prison mail system on August 17, 2009, it was not received and file-stamped by the Court until over three months later, on November 30, 2009.  Fed. Writ Pet. at 1, 9.  Regardless of the inconsistency, even using the November 30, 2009 date as the filing date, Webb's petition is timely filed under AEDPA.

the officer concluded that nothing inside looked as if it had been disturbed. Yet, investigation revealed black pry marks on a back door by the locks, and a pry bar or tire iron was found on the front seat of appellant's truck. The bar had "black all over it" according to the prosecutor who warned others against handling it excessively. So too had the tip of the tool been modified, according to an officer, in a way to give it more bite when used as a prying device.

The owners of the residence were out of town at the time of the incident but returned later that same day. They discovered that someone had indeed been in their house and that a Visa debit card and several checks were missing. The homeowner also testified that he had engaged both the dead bolt and door knob lock before leaving but that only the door knob lock was engaged when he returned home.

None of the items missing from the house were found on appellant or in the truck. Nonetheless, someone charged items to the debit card later that day and at a time when appellant was in jail. The person who made the charges went unidentified.

*Webb v. State*, No. 07-07-0358-CR, at *1.

## RECORDS

Records of Webb's trial, appeal, and state habeas proceedings have been forwarded to the Court.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

As explained in further detail in Section I below, Webb has failed to exhaust claim 3(b) and it is procedurally barred.  The petition is not barred by limitations, 28 U.S.C. § 2244(d), or subject to the successive petition bar, 28 U.S.C. § 2244(b).

# ANSWER

## I.   Webb's Claim 3(b) is Unexhausted and Procedurally Barred From Review

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  For purposes of exhaustion, the CCA is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431.  To proceed before that court, a petitioner must either file a petition for discretionary review, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus.  Tex. Code Crim.  Proc. Ann. art. 11.07 (Vernon 1977 and Vernon Supp. 1998).

Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  In other words, in order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions.  *Id.* at 275-77.  "[I]t is not enough . . . that a somewhat similar state-law claim was made."  *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson*, 459 U.S. at 6).  Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion

requirement." *Id.* at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

Webb failed to exhaust Claim 3(b), italicized in the Petitioner's Allegations section, when he failed to raise it in either his direct appeal and PDR or in his state habeas application.   *See* Appellant's Brief; Petition for Discretionary Review; SHCR-03 at 6-10.   Although he raised a similar claim in his state habeas application, there he argued that counsel was ineffective for failing to object to the state offering a false and misleading affidavit to the grand jury, whereas in his federal petition he claims counsel was ineffective for failing to object to the state offering a false and misleading affidavit to the jury.   *Compare* Fed. Writ Pet. at 10 *with* SHCR-03 at 8.   Therefore, by filing this federal writ of habeas corpus, Webb has bypassed the state courts and attempted to present an original argument to the federal courts before the state court has had the opportunity to rule on it.   Thus, Webb has prevented the state courts from ruling on, and if necessary correcting, a constitutional error that might have occurred in this case.   *See Castille*, 489 U.S. at 349; *Picard*, 404 U.S. at 275.

Notwithstanding Webb's failure to exhaust his state court remedies, however, the unexhausted argument is procedurally barred from federal habeas corpus review.   Even though a claim has not been reviewed by the state courts, this court may find that claim to be procedurally barred.   *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).   The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claim would now

find that claim to be procedurally barred. *Id.* In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same).

Should this Court require Webb to present his unexhausted claim to the CCA to satisfy the exhaustion requirement, that court would find them to be procedurally barred under the Texas abuse of the writ doctrine, codified at Tex. Code Crim. Proc. Ann. art 11.07 § 4. The Fifth Circuit has noted that the Texas Court of Criminal Appeals applies its abuse of the writ rules regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Further, due to the 1995 amendment of the Texas habeas corpus statute, the CCA has applied abuse of the writ even more regularly and strictly since *Fearance*. That statute now prohibits a Texas court from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless he demonstrates the statutory equivalent of cause or actual innocence. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West Supp. 1996).

For this Court to reach the merits of this claim, Webb "must establish 'cause' and 'prejudice' from [the state court's] failure to consider his claim[s]." *Fearance*, 56 F.3d at 642 (citing *Coleman*, 501 U.S. at 750-51). Webb has failed to argue, much less establish, cause and prejudice for his failure to exhaust the Claim 3(b) and he has not shown that he is actually innocent. Accordingly, this Court should find that Claim 3(b) in the Petitioner's Allegations section is

8

unexhausted and procedurally barred under the federal procedural default doctrine.

## II.   Webb's Insufficiency of the Evidence Claim is Without Merit. (Claim 1)

### A.   Standard of Review

Webb's petition is governed by the standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C.A. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).  Pursuant to AEDPA, a federal court "may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'"  *Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

The Supreme Court has explained that a state-court decision is "contrary" to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Court's] cases," or confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent, yet reaches an opposite result.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Alternatively, a state court "unreasonably applies" clearly established federal law if it correctly identifies the governing precedent but unreasonably applies

it to the facts of a particular case. *Id.* at 407-09.

A federal habeas court's inquiry into unreasonableness should be objective rather than subjective, and a court should not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Williams*, 529 U.S. at 409-11. Rather, federal habeas relief is only merited where the state-court decision is both incorrect and objectively unreasonable, "whether or not [this Court] would reach the same conclusion." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002); *Williams*, 529 U.S. at 411. As the Court has explained,

> the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, "not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *see also Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (holding that a federal court's "focus on the 'unreasonable application' test under section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and

discussed every angle of the evidence").  Further, reasonableness does not require citation or even awareness of any particular Supreme Court precedent, so long as the result of the state-court decision does not contradict that precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

Finally, AEDPA provides that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Moreover, pre-AEDPA precedent forecloses habeas relief if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

## B.    The evidence was legally sufficient

Webb claims that the trial record shows that he did not assault a public servant, but merely resisted arrest. Fed. Writ Pet. at 7.  He further asserts that any force he used was merely a by-product of his goal to resist arrest. *Id.*  His claim is without merit and should be denied.

11

In determining an insufficiency claim, a federal habeas court must consider whether, viewing the evidence "in the light most favorable to the prosecution, any rational of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Dupuy v. Cain,* 201 F.3d 582, 589 (5th Cir. 2000). This inquiry must be conducted with "explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16; *Dupuy, supra.*, and all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994); *see Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1989) ("we should not substitute our view of the evidence for that of the fact-finder"); *Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir. 1982) ("the jury has the sole responsibility to judge the weight and credibility of the evidence"). The *Jackson* standard applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). Finally, though the Texas state courts recognize a claim of factual sufficiency of the evidence, and distinguish such a claim from legal sufficiency of the evidence, it is solely a legal sufficiency claim that can be raised in this forum. *Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993).

Here, on direct appeal, the court of appeals applied *Jackson v. Virginia* (and its more stringent state counterpart) and found the evidence sufficient to support the conviction that Webb assaulted a public servant. The state appellate court discussed the state's evidence and complainant's credibility and concluded

12

that it was sufficient to prove Webb's guilt. In response to his argument, the

court explained as follows:

> We initially address whether the evidence was both legally and
> factually sufficient to support the conviction for assaulting a public
> servant. The thrust of appellant's complaint focused on whether he
> knew the person he was assaulting was a police officer. We overrule
> the issue.
>
> The record contains evidence illustrating that Ponder wore a shirt
> with a police emblem on it and carried a badge on his belt at the
> time he initially encountered appellant. Further, the area of the
> initial encounter was well lit, according to the officer. The officer
> also testified that while he was being assaulted by appellant, he
> identified himself as an officer; this did not dissuade appellant for
> the assault continued both when the two grappled while afoot and
> when appellant (when sitting in the truck) grabbed the officer's arm
> and threatened to "cut" him.
>
> One is presumed to know that he assaulted a public servant if the
> victim was wearing a distinctive uniform or badge indicating the
> person's employment as a public servant. TEX. PEN.CODE ANN.
> § 22.02(c) (Vernon Supp.2007). While Officer Ponder was not
> adorned in the standard or stereotypic police uniform at the time,
> the emblem on his shirt coupled with the presence of his badge and
> service weapon could reasonably be likened to distinctive items
> identifying him as an officer. To this we had the evidence that he
> identified himself to appellant as an officer while being assaulted.
> Combined, this is some evidence from which a rational factfinder
> could conclude, beyond reasonable doubt, that appellant knew he
> was assaulting an officer.
>
> Though appellant contradicted much of what Ponder said and
> proclaimed that he did not know that Ponder was an officer, that
> simply raised credibility and factual issues for the factfinder to
> resolve. We cannot say that the manner in which they were resolved
> was so against the great weight of the evidence or supported by
> weak evidence as to undermine our confidence in that finding.
> Consequently, the verdict had the support of both legally and

factually sufficient evidence.

*Webb v. State*, *2.

In the case at bar, it was within the sole province of the jury as the finder of fact to assess the credibility of the witnesses and to choose among reasonable constructions of the evidence. *See United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999); *United States v. Monroe*, 178 F.3d 304, 307 (5th Cir. 1999); *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994). "It is the jury's 'unique role' to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995) (citing *United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987)); *accord United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995); *Zuniga*, 18 F.3d at 1260 (citing *United States v. Jones*, 839 F.2d 1041, 1047 (5th Cir. 1998)).

In this instance, the jury was the fact-finder and they weighed the credibility of the witnesses and resolved any conflict in the evidence against Webb. *See United States v. Jennings*, 726 F.2d at 190; *see also United States v. Landerman*, 109 F.3d 1053, 1067-68 (5th Cir. 1997). Although the court may have been presented with conflicting evidence, the reconciliation of conflicts in the evidence is within the exclusive province of the finder of fact. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); *Allen v. State*, 899 S.W.2d 296, 300 (Tex. App.-Houston [14th Dist.] 1995, pet. granted on other grounds) (holding circumstantial evidence sufficient even though victim could not identify

14

defendant in lineup or in court).  On federal habeas review, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts."  *Marler v. Webburn*, 777 F.2d 1007, 1012 (5th Cir. 1985); *accord Maggio v. Fulford*, 462 U.S. at 113; *Scott v. Louisiana*, 934 F.2d 631, 634 (5th Cir. 1991); *Dunn v. Maggio*, 712 F.2d 998, 1001 (5th Cir. 1983). Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact."  *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993) (citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)).

Thus, giving due deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at Webb's trial was enough to support his conviction of assault on a public servant. *Jackson*, 443 U.S. at 319.  The instant claim of insufficient evidence is nothing more than an improper attempt by Webb to have this court second-guess the jury's credibility choices, implicit factual findings, and resolution of conflicts in evidence.  There is no question–the court of appeals's conclusion that the evidence was sufficient to support the conviction is entitled to deference by this court, *Parker v. Procunier*, *supra*, and did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  As such, relief is barred by the AEDPA standard of review.

III.   **Claims 2, 3(a), 3(c)-(e), 4, 5 and 6 are Without Merit.**

   A.   **Standard of Review**

Webb raised claims 2, 3(a), 3(c)-(e), 4, 5 and 6 in a state writ petition. SHCR-03 at 6-10.  The CCA dismissed his petition as a subsequent application. *Id.* at cover.  However, Webb had not filed a prior petition challenging this conviction.  Therefore, the dismissal appears to be in error.[4]

In a situation where circumstances render the State corrective process ineffective, a petitioner need not exhaust state remedies.   28 U.S.C. § 2254(b)(1)(B)(ii).  Because there is no final state court decision for this Court to review, the pre-AEDPA de novo standard of review applies.  *Hatten v. Quarterman*, 570 F.3d 595, 599-600 (5th Cir. 2009); *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir.1997) (applying pre-AEDPA de novo standard of review where state court arguably did not adjudicate habeas petition on the merits).  Under the pre-AEDPA standard of review, a federal court reviewing a petition for a writ of habeas corpus must consider whether, under the totality of the circumstances, the errors complained of were so gross or the trial was so fundamentally unfair that the petitioner's constitutional rights were violated. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir.1994).

   B.   **Webb's Claim of Actual Innocence Presents Nothing for Review. (Claim 2)**

Although Webb asserts that he is raising a claim of actual innocence, his

---

[4]    If petitioner were to file a Motion to Stay and Abate this proceeding in order to file a Motion for Reconsideration with the CCA, requesting that the CCA reopen his state petition, the Director would not oppose the motion.

claim amounts to an insufficiency of the evidence claim.  Fed. Writ Pet. at 7;
Memorandum of Law at 14-16.  All of the evidence Webb raises regarding Sgt.
Ponder's uniform and whether or not it identified him as a public servant and
whether and when Sgt. Ponder verbally identified himself as a police officer was
raised and rejected in his sufficiency of the evidence claim on direct appeal.
*Webb v. State*, No. 07-07-0358-CR, "Brief for Appellant." As explained in Section
II above, this claim must fail.

### C.      Webb trial counsel was not deficient.  (Claim 3(a),(c)-(e))

Webb alleges that he was denied the effective assistance of trial counsel
when counsel failed to request the lesser included offense of resisting arrest,
promised probation and refused the state's fifteen year plea offer, failed to object
to an extraneous offense during trial when the state used the extraneous offense
without notice, and failed to object to the indictment where the enhancements
do not include the dates of offense and conviction.  Fed. Writ Pet. at 7-10.  But as
explained below, his claims are without merit and should be denied.

A defendant has the burden of establishing that he was deprived of
effective assistance of counsel by a preponderance of the evidence.  *Clark v.
Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  In *Strickland v. Washington*, the
Supreme Court enunciated the two-prong test for reviewing ineffective
assistance of counsel claims.  466 U.S. 668, 687 (1984).

Under the first prong of *Strickland*, a defendant must show that his trial
counsel's performance was deficient.  *Id.*  In other words, the defendant must
establish that his counsel's representation fell below an objective standard of

reasonableness. *Clark*, 227 F.3d at 282. This showing requires a defendant to prove that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). Additionally, courts "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Accordingly, courts "must be highly deferential" to counsel's performance. *Id.*; *see also Strickland*, 466 U.S. at 689. Every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

Under the second prong of the *Strickland* test, a defendant must show that his counsel's deficient performance prejudiced him. *Galvan*, 293 F.3d at 764. Thus, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "Even a deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687). A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). A defendant has not been deprived of the right to counsel where counsel's performance, even

18

if deficient, was not prejudicial in light of overwhelming evidence of guilt. *Riddle v. Cockrell*, 288 F.3d 713, 718-19 (5th Cir. 2002); *Henderson v. Cockrell*, 333 F.3d 592 (5th Cir. 2003). Because a defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

In each of his ineffective assistance of counsel claims, Webb has failed to demonstrate that counsel was deficient and that such deficiency prejudiced him.

### 1. Counsel's decision not to request the lesser included offense of resisting arrest was sound trial strategy. (Claim 3(a))

Webb claims that his trial counsel was deficient for failing to request the lesser included offense of resisting arrest. Fed. Writ Pet. at 7; Memorandum at 17-19.

When he raised this claim in his state habeas petition, the state habeas trial court received an affidavit from Webb's trial counsel. In the statement, trial counsel explained that he did not request the lesser included offense of resisting arrest because "Mr. Webb's defense and testimony at trial was that he did not recognize Sgt. Ponder as a police officer and was not aware that Sgt. Ponder was attempting to arrest Mr. Webb, so requesting a lesser offense of resisting arrest did not seem appropriate." SHCR-03 at 86. Trial counsel did suggest the lesser included offense of misdemeanor assault in closing argument. *Id.*

In *Strickland*, the Supreme Court explained that "[j]udicial scrutiny of a counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the

19

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S., at 689. Thus, even when presenting a court with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Ibid.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Counsel's explanation in his affidavit demonstrates that the decision not to raise the lesser included offense of resisting arrest was sound strategy. Counsel was trying to prevent the inconsistency and resulting appearance of disingenuousness that would result from first arguing that it was impossible for Webb to recognize that Sgt. Ponder was a police officer to arguing that he did know that Sgt. Ponder was a police officer and was merely resisting arrest. Webb's claim must therefore fail because he cannot show that counsel was deficient or that any deficiency prejudiced him.

### 2. Counsel did not promise probation and Webb knew that he would not receive probation when he rejected the fifteen year offer from the State.  (Claim 3(c))

Webb alleges that his counsel promised that he would receive probation and refused the State's fifteen-year plea offer.   Fed. Writ Pet. at 10; Memorandum at 28-29.

When Webb raised this claim in his state petition for writ of habeas corpus, Webb's trial counsel submitted an affidavit explaining that he never told Webb that he was likely to receive probation. SHCR-03 at 87. To substantiate his assertion, counsel attached the first page of his file-copy complaint-stage

20

letter to Mr. Webb, dated February 2, 2007, in which counsel details the charges against Webb in the complaint, along with the punishment range and that both charges are "subject to habitual felon enhancement at indictment or at trial due to 2 prior felony convictions, which will increase the punishment range to 25 to 99 years or life in prison (no fine).  Probation available only from the judge and only if a sentence of 10 years or less is assessed if convicted."  *Id.* at 92.

Further, counsel explains that once Webb agreed to plead true to the enhancements at trial, he knew that he was not going to be eligible for probation.  *Id.* at 88.  To substantiate this, counsel attached a letter to him from Webb dated May 13, 2007 "in which [Webb] acknowledges that if convicted at trial, he faces a minimum of 25 years in prison."  *Id.* at 88, 93.

Contrary to his assertion in his petition that he "never would have gone to a bench trial knowing that probation was not a factor," Fed. Writ Pet. Memorandum of Law at 28, Webb's letter to counsel demonstrates that he knew he was not eligible for probation.  His claim that counsel promised probation must fail.

With respect to Webb's allegation that counsel was ineffective for rejecting the State's fifteen year plea offer, counsel explains that he relayed the plea offer to Webb during a May 3, 2007 phone call while Webb was at the Randall County jail and Webb rejected the offer in spite of counsel's warnings that he would face a minimum of twenty-five years imprisonment at a contested trial and that he might receive a long sentence if convicted due to his criminal history.  SHCR-03 at 87.  In fact, counsel explains, "at all times during my representation, Mr. Webb maintained that he was innocent and would not accept any plea bargain

21

offer for prison time." *Id.* at 88.

Webb explains that he would have accepted the State's offer of fifteen years instead of receiving seventy-five years from the judge if counsel had not offered the possibility of probation at a bench trial. Memorandum of Law at 28. But as his letter to counsel dated May 13, 2007 demonstrates, Webb was fully aware that he would not be eligible for probation at trial. SHCR-03 at 93. Because his claim is belied by the record, Webb has failed to show that counsel was deficient or that any deficiency prejudiced him. This claim must fail.

### 3. The offense raised by the state was permissible and counsel was not required to make a frivolous objection. (Claim 3(d))

Webb alleges that his trial counsel was ineffective when he failed to object to an extraneous offense raised by the State, without notice, during trial. Fed. Writ Pet. at 10, Memorandum at 31-32.

But contrary to his assertion, the state did give notice of the prior felony convictions used for enhancement. CR at 16. Furthermore, counsel was not required to make a frivolous objection. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989).

The complained of testimony, Memorandum of Law at 31; 3 RR 128,[5] occurred during the State's cross-examination of Webb and was permissible under Rule 609 of the Texas Rules of Evidence for the purposes of impeaching Webb as a witness.

---

[5] "RR" refers to the Reporter's Record of the trial, preceded by the volume number and followed by the page number.

Rule 609(b) of the Texas Rules of Evidence states that

> Evidence of a conviction under this rule is not admissible if a period
> of more than ten years has elapsed since the date of the conviction
> or of the release of the witness from the confinement imposed for
> that conviction, whichever is the later date...

The State was properly permitted to question Webb about his status on parole to show that he had been released on parole within the ten years prior to trial. Webb cannot show that counsel's failure to file a frivolous objection was deficient. Because he has failed to demonstrate deficiency or prejudice, his claim must fail.

### 4.    The indictment was not deficient and counsel was not required to make a frivolous objection. (Claim 3(e))

Webb claims that counsel failed to object to the indictment when it did not contain sufficient evidence for the enhancements because it did not show the dates when the convictions were final or the dates the offenses were committed. Fed. Writ Pet. at 10, Memorandum of Law at 33.

First, the indictment does state the dates of the convictions used for enhancement. CR at 1. Further, the indictment states that "[b]efore the commission of the primary offense, and after the conviction in Cause No. 8305-A was final, the defendant committed the felony of burglary of a habitation and was convicted on April 9, 1998, in Cause No. 11,994-B in the 181st District Court of Randall County, Texas. *Id.* This language tracks the language of the Texas Penal Code enhancement statute, which requires

> if it is shown at trial of a felony offense...that the defendant has
> previously been finally convicted of two felony offenses, and the
> second previous felony conviction is for an offense that occurred

subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

§12.42(d).

The date of the second offense is a matter of evidence to be proven at trial, but it is not required that it be included in the indictment. *Daniels v. State*, 754 S.W.2d 214, 217-18 (Tex.Crim.App. 1988) (the State is not required to plead evidentiary facts in the indictment that are not essential for notice). Webb does not cite any law that requires the date of the second offence to be included in the indictment.

Counsel was not required to make a frivolous objection to the indictment. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989). This claim must fail.

### D.   Webb's Claims of Prosecutorial Error are Without Merit. (Claim 4)

#### 1.   Webb has failed to demonstrate that the prosecution presented false testimony.

It is settled that the prosecution may not knowingly use perjured testimony or allow perjured testimony to go uncorrected. *Napue v. Illinois,* 360 U.S. 264, 269 (1959); *Giglio v. United States*, 405 U.S. 150, 154 (1972). To prove a due process violation in such a case, a petitioner must demonstrate (1) that the testimony in question was actually false, (2) that the prosecutor was aware of the perjury, and (3) that the testimony was material. *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). Perjured testimony is material only when "there is any reasonable likelihood that the false testimony could have affected the

judgment of the jury." *Barrientes v. Johnson*, 221 F.3d 741, 756 (5th Cir. 2000); *see United States v. Washington,* 44 F.3d 1271, 1282 (5th Cir. 1995) (materiality prong not met where allegedly perjurious statements "have nothing to do with [the defendant's] guilt or innocence" and evidence of guilt is "overwhelming"). Additionally, on federal habeas review, the more demanding *Brecht* harmless error standard also applies.[6] *Barrientes*, 221 F.3d at 756. Further, contradictory testimony from witnesses, inconsistencies within a witness' testimony, and conflicts between reports, written statements and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990); *United States v. Martinez-Mercado,* 888 F.2d 1484, 1492 (5th Cir. 1989); *Little v. Butler,* 848 F.2d 73, 76 (5th Cir. 1988); *United States v. Viera,* 819 F.2d 498, 502 (5th Cir. 1987); *United States v. Brown*, 634 F.2d 819, 827 (5th Cir. 1981).

Here, Webb complains that testimony that Sgt. Ponder was wearing a detective's uniform was false because he was actually the sergeant of the typing pool at the police station and that the false statement was made to give Sgt. Ponder a higher status. Fed. Writ Pet., Memorandum of Law at 20 *citing* 3 RR 10.

The "testimony" that Webb cites to is actually the State's opening statement and not trial testimony. Furthermore, there is no testimony in the

---

[6]    *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (holding that harmless error standard on habeas review of constitutional error is whether the error "had substantial and injurious effect or influence in determining the jury's verdict") (citing *Kotteaskos v. United States*, 328 U.S. 750, 776 (1946)).

record that conflicts with the prosecutor's statement.  Although it is made clear from Sgt. Ponder's testimony that he is a Sergeant and what his duties were, and there was testimony about what he wore the night of the assault, there is no testimony about what detectives wore.   Therefore, Webb has failed to demonstrate that the statement was false.   Even if the State erred in its statement, Webb presents no evidence outside his conclusory allegation that the prosecutor did so knowingly.  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  Finally, Webb does not demonstrate that a description of Sgt. Ponder's uniform as a detective's uniform was material.  The critical issue was whether or not the clothing Sgt. Ponder wore identified him as a public servant.  Webb has failed to demonstrate that a due process violation occurred.  His claim must fail.

### 2.   Webb failed to show that the prosecution admitted extraneous offenses without giving notice.

Webb claims that the prosecutor erred when it admitted extraneous offenses without giving notice.  However, as explained in Section C(3) above, the state did give notice of the prior felony convictions used for enhancement.  CR at 16.  This claim is without merit and must fail.

### E.   Webb's claim of trial court error is without merit.  (Claim 5)

Webb claims the trial court erred when it permitted him to be shackled and in jail clothing during his trial.  Fed. Writ Pet. at 10, Memorandum of Law at 27.

While it is true that an accused should not be compelled to go to trial before a jury in prison or jail clothing because of the possible impairment of the presumption of innocence and because it is contrary to equal protection and due process, *Estelle v. Williams*, 425 U.S. 501, 512-13 (1976); *Boswell v. Alabama*, 537 F.2d 100, 102 (5th Cir. 1976), Webb had a bench trail.  He has pointed to no case law stating that a violation of equal protection or due process occurs when a defendant is tried before a judge in jail clothing and shackles.

Furthermore, Webb cannot show harm because the judge knew that he was in custody at the time of trial and with respect to the handcuffs, specifically stated "I'm not going to let it prejudice me..."  3 RR 7.  This claim is without merit.

### F.    Webb's claim of ineffective assistance of counsel on appeal is without merit.  (Claim 6)

Webb claims that counsel on appeal was ineffective for failing to raise as a ground of error that the enhancement paragraph lacked sufficient evidence to enhance.  Fed. Writ Pet. at 10, Memorandum of Law at 34.

With an ineffective-assistance-of-counsel-on-appeal claim, a petitioner must satisfy the two-pronged test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Smith v. Robbins*, 120 S. Ct. 746, 764 (2000) (proper standard for evaluating appellate counsel is *Strickland v. Washington*).  Thus, a petitioner must demonstrate counsel was deficient, and that the deficiency prejudiced his case.  *Strickland,* 466 U.S. at 687.  Counsel's assistance becomes ineffective when counsel's errors are prejudicial, in that there is a reasonable probability that but for the error the ultimate result would have been different.

To prove prejudice, a petitioner must show that but for counsel's deficient performance "he would have prevailed on appeal." *Smith v. Robbins*, 120 S. Ct. at 764.

Webb has failed to prove a deficient performance or prejudice by this allegation. The Fifth Circuit has held that appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show the existence of any trial errors with even arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). In the same case, the Fifth Circuit also held that counsel is not required to consult with his client about the legal issues to be presented on appeal. *Id.* at 1197. Further, in *Jones v. Barnes,* 463 U.S. 745, 749 (1983), the Supreme Court noted the federal district court's holding on this issue, as follows: "It is not required that an attorney argue every conceivable issue on appeal, especially when some may be without merit. Indeed, it is his professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach." The Supreme Court went on to hold that "[n]either Anders[7] nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Id.* 463 U.S. at 751.

As explained in Section C(4) above, the claim Webb believes counsel on appeal should have raised was without merit. His ineffective assistance of

---

[7]     *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

counsel on appeal claim must fail.

## CONCLUSION

The Director respectfully requests that the petition for writ of habeas corpus be denied because Webb's claims are without merit.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

ERIC J.R. NICHOLS
Deputy Attorney General for
Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division


 s/ Rebecca A. Olla
REBECCA A. OLLA*
*Attorney in Charge        Assistant Attorney General
State Bar No. 24038266

P.O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

29

## CERTIFICATE OF CONFERENCE

I do hereby certify that a conference is not possible because Petitioner has not provided a telephone number.  The Director will not speculate on whether the Petitioner will oppose this motion.

s/ Rebecca A. Olla
REBECCA A. OLLA
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing answer will be served by placing the same in the United States Mail, postage prepaid, on the 12th day of March, 2010, addressed to: Kenneth Glenn Webb, TDCJ-CID No. 1454974, McConnell Unit, 3001 S. Emily Drive, Beeville, TX 78102.

s/ Rebecca A. Olla
REBECCA A. OLLA
Assistant Attorney General