IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH GLENN WEBB, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-283 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner KENNETH GLENN WEBB has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Judicial District Court of Randall County, Texas, for the offense of assault on a public servant. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2006, a security company alerted police to a possible break-in at a residence. (Reporter's Record [hereinafter RR], vol. 3, pg. 15). The homeowners were out of town, and they had set their house alarm to go off when any door or window of the house was opened. (*Id.*, pg. 91). The first police officer to arrive at the house went to the back driveway, where he encountered petitioner Webb walking out the gate of the fenced backyard. (*Id.*, pg. 22).

Webb tried to run away from the officer, but the officer caught him. (*Id.*, pgs. 23-25). While the two were scuffling, Webb punched the officer in the leg and groin area. (*Id.*). The officer was momentarily incapacitated, allowing Webb to run away again, this time to a pickup truck parked behind the fence of the residence. (*Id.*, pg. 28). The officer caught up to Webb, who by that time was in the driver's seat of the truck. (*Id.*). The officer reached in through the truck's driver's side window and grabbed the keys from the ignition. (*Id.*, pgs. 28-29, 130). Another struggle ensued. (*Id.*, pgs. 28-29). Upon the arrival of a second police officer, Webb was apprehended. (*Id.*, pg. 30).

After a bench trial, petitioner was found guilty of burglary of a habitation and assault on a public servant. (*Id.*, pg. 146). With enhancements, he was sentenced to seventy-five years on each conviction, sentences to run concurrently. (*Id.*, pgs. 165-66). The judgment was affirmed on direct appeal, and a petition for discretionary review was denied. *See Webb v. State*, Nos. 07-07-0358-CR, 07-07-0359-CR, 2008 WL 2229536 (Tex. App.—Amarillo Sept. 10, 2008, pet. ref'd). Petitioner filed a state habeas corpus application on each conviction. *In re Webb*, WR 63-254-02, -03. Petitioner's state habeas corpus application challenging the assault on a public servant conviction was dismissed. *Id.* WR 63-254-03. Petitioner then filed two federal habeas corpus petitions, one challenging the burglary conviction and one challenging the assault conviction. *See Webb v. Thaler*, 2:10-CV-123, -283.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend respondent is holding him in violation of the Constitution and laws of the United States as a result of the assault on a public servant conviction for the following reasons:

1.      The evidence was legally insufficient to support the conviction.

2.      Petitioner is actually innocent.

3.      Petitioner received ineffective assistance of counsel due to his trial attorney's failure to request an instruction on a lesser included offense.

4.      The prosecutor made improper statements at trial.

5.      Petitioner received ineffective assistance of counsel when his trial attorney failed to object to an affidavit offered to the grand jury.

6.      Petitioner's rights were violated when he was forced to appear at trial in jail clothing and wearing restraints.

7.      Petitioner received ineffective assistance of counsel when his trial attorney promised he would receive probation if he proceeded to trial.

8.      The prosecutor improperly offered evidence of extraneous offenses.

9.      Petitioner received ineffective assistance of counsel when his trial attorney failed to object to the improper admission of an extraneous offense.

10.     Petitioner received ineffective assistance of counsel due to his trial attorney's failure to object to an insufficiently supported enhancement paragraph in the indictment.

11.     Petitioner received ineffective assistance of counsel due to his appellate attorney's failure to challenge an insufficiently supported enhancement paragraph in the indictment.

### III.
### STANDARD OF REVIEW

This case has a complicated procedural history. Petitioner Webb filed with the Texas Court of Criminal Appeals a petition for discretionary review and a habeas corpus application. The petition for discretionary review was refused, and the habeas corpus application was dismissed as successive. *Webb v. State*, 2008 WL 2229536; (*In re Webb,* WR-63,254-03, State Habeas Corpus Record [hereinafter SHCR], cover page). Although Webb had previously challenged his accompanying burglary conviction in WR-63,254-02, he had never before challenged, via state

habeas corpus, the assault of a public servant conviction.  Petitioner, respondent, and this Court have all concluded the determination by the CCA that WR-63,254-03 was successive was erroneous. Attached to his response is a letter petitioner Webb wrote to the CCA explaining WR 63,254-03 was the first time he challenged the assault conviction.  ("Petitioner's Response to Respondent's Answer, doc. 19, filed Mar. 24, 2010 [hereinafter Response], pg. 7).  Webb also attached the CCA's response letter informing Webb the habeas corpus application was dismissed as a subsequent application and that "[n]o further action will be taken."  (*Id.*, pg. 8).  In his petition for discretionary review, Webb raised the same ground of error raised in his first ground of error in his federal habeas corpus petition.  In his state habeas corpus application, though, he raised the same claims raised in grounds two through eleven of his federal habeas corpus petition.

Considering the erroneous dismissal of his state habeas action, this Court finds Webb has exhausted his claims.  Although in his petition for discretionary review, Webb only challenged the sufficiency of the evidence, the CCA refused the petition, and such refusal constitutes an adjudication of the sufficiency claim on the merits.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).  Therefore, 28 U.S.C. § 2254(d) applies.  Under that section, a petitioner may not obtain habeas corpus relief in federal court unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

Due to the error by the CCA, however, there has never been a final Texas court decision on the issues raised in Webb's state habeas corpus application, which issues are now raised in grounds two through eleven of the instant federal habeas corpus petition.   In this unusual set of

circumstances, the Court must make its findings of fact without reference to any state court findings and without the AEDPA deferential standard of section 2254(d).  *See Hatten v. Quarterman*, 570 F.3d 595, 599-600 (5th Cir. 2009).[1]

IV.
MERITS OF PETITIONER'S ALLEGATIONS 

*A.  Sufficiency of the Evidence*

In his first ground of error, petitioner complains of the sufficiency of the evidence.  For purposes of federal habeas corpus review, a state conviction need only satisfy the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  To determine the legal sufficiency of the evidence, a federal court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt."  *Id.* at 318-19, 99 S.Ct. at 2789.

In making this determination, the reviewing court must resolve all credibility choices and conflicting inferences in favor of the fact-finder.  *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822, 121 S.Ct. 65, 148 L.Ed.2d 31 (2000).  It is the fact-finder's responsibility alone "to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

---

[1] In *Hatten*, the Fifth Circuit dealt with a case where the Court of Criminal Appeals failed to rule on a state habeas corpus application.  570 F.3d at 599-600.  With no state court rulings to which it could look, the district court entered its own findings of fact in the federal habeas corpus case after conducting an evidentiary hearing.  *Hatten v. Quarterman*, 2:02-CV-020, "Memorandum and Order Denying Hatten's Petition for Writ of Habeas Corpus," doc. 100, filed Sept. 25, 2007 (S.D. Tex).  The Fifth Circuit implicitly approved this procedure, indicating it would "review the district court's findings of fact for clear error."  *Hatten*, 570 F.3d at 600.

The reviewing court must determine if the evidence is constitutionally sufficient to support the conviction, i.e., whether the evidence satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

In this case, testimony at trial established a police officer approached petitioner while petitioner was exiting the backyard of a residence that, less than twenty minutes earlier, had its burglary alarms set off. (RR, vol. 3, pgs. 17, 23, 91). That officer, Officer Ponder, testified at trial that while he was not wearing a traditional police uniform that night, (*Id.*, pg. 50), he was wearing slacks and a polo shirt with the Amarillo Police Department emblem, the word "police" embroidered above the emblem, and his rank and name to the right of the emblem, all displayed on the front of the shirt. (*Id.*, pgs. 15-16). Officer Ponder's badge was displayed on the front of his belt, as were his gun and handcuffs. (*Id.*, pg. 16). Even though everything took place around midnight, Officer Ponder testified the area where the initial encounter occurred was "very well lit" by a light on the house. (*Id.*, pg. 24). The officer made sure to remove his jacket before exiting his car, so his entire outfit was clearly displayed. (*Id.*, pgs. 46, 49-50).

Officer Ponder admitted that when he first encountered petitioner, he did not verbally identify himself as a police officer. (*Id.*, pg. 50). He simply asked petitioner if the house was petitioner's residence, to which petitioner responded that it was not. (*Id.*, pg. 23). Officer Ponder asked petitioner Webb to show him some identification. (*Id.*). Webb acted as if he were reaching for identification, but instead started running away from the officer. (*Id.*). Officer Ponder gave chase and overtook Webb after Webb stumbled. (*Id.*, pg. 25). The officer testified at that point he "grabbed ahold of him and began telling him, I'm a police officer, I'm a police officer, stop resisting." (*Id.*). Webb did not stop, but warned the officer, "let go of me, I'm serious, let go."

(*Id.*).  The struggle ended when Webb punched Officer Ponder in the groin, which incapacitated the officer long enough for Webb to break free and run to his pickup truck parked behind the fence of the burglarized residence.  (*Id.*, pgs. 25, 28).

Officer Ponder caught up to Webb as Webb was entering the vehicle.  (*Id.*, pg. 28).  The officer reached in through the window and grabbed the keys from the ignition.  (*Id.*).  While Officer Ponder's arm was in the vehicle, Webb grabbed the arm and began yelling at the officer, "I'm going to cut you, I'm going to cut you."  (*Id.*, pg. 29).  The officer pulled out his police-issued handcuffs and struck Webb several times in the head until Webb released the officer's arm.  (*Id.*).

After Webb released Officer Ponder's arm, the officer stepped back from the vehicle, pointed his gun at Webb, and ordered Webb to place his hands in the air.  (*Id.*, pg. 30).  Rather than comply with the officer's orders, Webb placed the vehicle in neutral "in an attempt to get it to roll away from the scene."  (*Id.*).  The truck "rolled for a couple of feet and then stopped," with Officer Ponder continuing to tell petitioner to place his hands in the air.  (*Id.*).  At that point, a second officer arrived and also instructed Webb, at gunpoint, to exit the vehicle.  (*Id.*, pg. 65).  Petitioner refused to comply.  (*Id.*).  The second officer physically removed petitioner from the truck, after prying his hands off of the steering wheel.  (*Id.*, pg. 66).  Even then, the police struggled with petitioner because petitioner refused to surrender his hands for handcuffing.  (*Id.*).

At trial, petitioner testified that when he first encountered Officer Ponder, he did not realize Ponder was a police officer and thought the officer was simply a neighbor.  (*Id.*, pg. 119).  He stated he did not see the emblem on the officer's shirt or the badge on his belt because the officer was wearing a coat.  (*Id.*, pg. 117).  He additionally testified he never heard the officer identify himself as a police officer.  (*Id.*, pg. 119).  According to petitioner, the punch to the officer's groin was an

accident.  (*Id.*, pg. 120).  Once the altercation proceeded to the truck, he said he did not realize the

officer was hitting him with police-issued handcuffs.  (*Id.*).  He testified he continued to not comply

with the officers once the second police officer arrived because he was "pretty dazed." (*Id.*, pg. 121).

Under Texas law, a person commits assault if he "intentionally, knowingly, or recklessly,

causes bodily injury to another . . . ; intentionally or knowingly threatens another with imminent

bodily injury . . . ; or intentionally or knowingly causes physical contact with another when the

person knows or should reasonably believe that the other will regard the contact as offensive or

provocative."  Tex. Pen. Code Ann. § 22.01(a) (Vernon 2011).  Normally, the offense is classified

as a Class A misdemeanor.  *Id.* § 22.01(b).  If, however, the offense is against "a person the actor

knows is a public servant while the public servant is lawfully discharging an official duty," the

offense is classified as a third-degree felony.  *Id.*

In reviewing the legal sufficiency of the evidence, this Court is not allowed to review all the

evidence anew.  *See Cyprian*, 197 F.3d at 740.  Rather, this Court must resolve any conflict in the

testimony between Webb and the police officers in favor of the trial court, which found petitioner

guilty.  *See id.*  In this case, there was evidence presented which satisfied the substantive elements

of assault on a public servant.  *See* Tex. Pen. Code Ann. § 22.01; *Brown*, 937 F.2d at 181.  There

was evidence petitioner either intentionally, knowingly, or recklessly caused bodily injury to Officer

Ponder.  The police officer testified Webb hit the officer in the groin; Webb himself admitted it was

possible he could have so assaulted the officer.  (RR, vol. 3, pgs. 25, 120).  Such action was in

violation of section 22.01(a)(1) of the Texas Penal Code.  Additionally, Officer Ponder testified

petitioner Webb grabbed the officer's arm, refusing to let go of it, and threatened, "I'm going to cut

you, I'm going to cut you." (*Id.*, pg. 29).  Webb never contradicted this testimony.  Such action was

also in violation of section 22.01(a) of the Texas Penal Code.

Petitioner's main contention appears to be the sufficiency of the evidence establishing Officer Ponder sufficiently identified himself as a police officer, which increased the severity of the assault's classification. As petitioner points out, Officer Ponder was not wearing a full uniform at the time of the incident. ("Memorandum of Law and Fact in Support of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," doc. 2, filed Nov. 30, 2009 [hereinafter Memo], pg. 2). At trial, Officer Ponder testified he was not in full police uniform. Petitioner appears to contend the officer had to be dressed in full uniform before the trial court could find him guilty of assault on a public servant. The statute, however, is worded broadly enough that assault on a public servant occurs when one person assaults another person that "the actor knows is a public servant." Tex. Pen. Code Ann. § 22.01(b)(1). A full uniform is but one of many ways of conveying such information. Officer Ponder testified his shirt displayed the police department emblem, as well as his name and rank, clearly indicating he was a police officer. (*Id.*, pgs. 15-16). Along with the identifying shirt, the officer stated his badge, gun, and handcuffs were all visible, and that the area where the initial encounter took place was well-lit. (*Id.*, pgs. 15-16, 24). Finally, the officer testified he verbally identified himself as a police officer at least two times. (*Id*., pg. 25). The identifying shirt, badge, handcuffs, and gun combined with Officer Ponder telling petitioner, "I'm a police officer," was sufficient to inform petitioner the person he was assaulting was a public servant. While Webb's testimony may have contradicted the officer's testimony, this Court does not revisit which testimony was more credible. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. This Court's determination is limited to whether there was constitutionally sufficient evidence presented to support the trial court's conclusion that the assault was on a public servant. *See id*., 99 S.Ct. at 2789. There was sufficient

evidence presented.  Further, the CCA's refusal of Webb's petition for discretionary review was not contrary to clearly established federal constitutional law or based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).  This ground of error is without merit.

### B.  Actual Innocence

In his second ground of error, petitioner contends he is actually innocent.  He urges his case presents both a *Herrera*-type and a *Schulp*-type claim.[2]  (Memo, pg. 3).  In a *Herrera*-type claim, a petitioner claims newly discovered evidence supports his claim of actual innocence and, even if the state proceedings were entirely fair and error free, argues the punishment of a potentially innocent person is a constitutional violation a federal habeas court should not permit.  *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  In *Herrera*, however, the Supreme Court held "a claim of 'actual innocence' is not itself a constitutional claim, but instead [is] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Id.* at 404, 113 S.Ct. at 862.  Thus, a petitioner cannot successfully assert a free-standing actual innocence claim in a habeas petition.  *See id.*  Petitioner also contends he is entitled to relief under *Schlup*.  In *Schlup*, the Supreme Court determined the standard a petitioner must meet to establish actual innocence.  If he meets that standard, the federal habeas corpus court can consider other procedurally barred claims, but still may not grant relief upon actual innocence alone.  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 860, 130 L.Ed.2d 808 (1995).

---

[2]  To the extent petitioner claims he is actually innocent of the burglary conviction, such a claim is addressed in the Report and Recommendation issued in cause number 2:09-CV-123, the sister habeas corpus case.

Even if petitioner Webb obtained and presented evidence proving he is actually innocent,[3] he cannot base a successful habeas corpus claim on such evidence alone. *See Herrera*, 506 U.S. at 404, 113 S.Ct. at 862. Webb likewise does not present a viable *Schlup* claim because he has not identified any procedurally barred claim(s) he is attempting to have the Court consider. *See Schlup*, 513 U.S. at 327, 115 S.Ct. at 851. Petitioner's actual innocence claims must fail.

## C. *Ineffective Assistance of Counsel*

In his third, fifth, seventh, ninth, tenth, and eleventh grounds of error, petitioner complains he received ineffective assistance of counsel in violation of his Sixth Amendment rights. The proper standard for judging a petitioner's contention he is entitled to relief on the ground his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.*, 104 S.Ct. at 2064. That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the

---

[3] Petitioner attaches to his memorandum supporting his habeas corpus petition several pictures he claims constitute newly discovered evidence. One is a picture of Officer Ponder the night of the incident. (Memo, pgs. 27, 30). The picture appears to be identical to one entered at trial. (RR, vol. 4, State's Exhibit 4). Petitioner also apparently had an associate take pictures of the burglarized home "in the backyard area and up and down the alley" at night. (Memo, pgs. 31-32, 41). The pictures are totally indiscernible and show nothing but black. (Memo, pgs. 31-32). The person who took the photos stated a light "glows to a twelve (12) foot area." (*Id.*, pg. 41). This is consistent with Officer Ponder's testimony that the area of the initial encounter was well-lit while the other areas of the encounter were not. (RR, vol. 3, pgs. 24, 57). Even if the Court were willing to construe the black "pictures" as newly discovered evidence that the area was not well-lit, the person who took the photos stated he took them in February 2009, which was more than two years after the December 2006 burglary and assault and therefore of little value as to the conditions in 2006. (RR, vol. 3, pg. 15). Moreover, Officer Ponder's testimony established that not only was he identifiable as an officer through his clothes but that he also verbally told petitioner he was a police officer. (*Id.*, pg. 25). The evidence petitioner presents to the Court does not establish actual innocence nor does it cast doubt on the validity of the conviction.

profession.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance.  *Id.* at 689, 104 S.Ct. at 2065.

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial.  *Id.* at 687, 104 S.Ct. at 2064.  Specifically, to prove prejudice a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair."  *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998).  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).  A showing of significant prejudice is required.  *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir. 1993).

## 1.  Lesser Included Offense

In his third ground of error, petitioner complains he received ineffective assistance of counsel because his trial attorney failed, in a written motion, to request an instruction of resisting arrest, which petitioner avers is a lesser included offense of assault on a public servant.  Under Texas law, in a bench trial "the trial court is authorized to find the [defendant] guilty of any lesser offense for which the State provides the required proof."  *Shute v. State*, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994).  A formal submission of a lesser included offense charge to the trial judge during a bench trial is not necessary.  *Id.*  Because the judge is also the fact-finder in a bench trial, the judge is able to find the defendant guilty of any lesser included offense without a formal charge.  *Id.*

> [T]here are no jury instructions in a bench trial.  In a bench trial, the "judgment that the trial court should have rendered" can always be a conviction for a lesser-included offense because the trial court is authorized to find the defendant guilty of any lesser offense for which the State provides the required proof.

*Collier v. State*, 999 S.W.2d 779, 784 (Tex. Crim. App. 1999) (Keasler, J., concurring) (citing *Shute*, 877 S.W.2d at 315).  Additionally, under Texas law a defendant need not have a formal motion for an instruction on the lesser included offense to appeal the judgment following a bench trial.  *See Milczanowski v. State*, 645 S.W.2d 445, 447 (Tex. Crim. App. 1983).  If an appellate court determines the trial court in a bench trial should have found the defendant guilty of a lesser included offense, then the appellate court will reverse the conviction and render a judgment of conviction on the lesser included offense, regardless of whether the defendant requested an instruction in writing.  *See Herring v. State*, 202 S.W.3d 764, 764 (Tex. Crim. App. 2006).

In evaluating this ground of error, the Court first notes it is debatable whether, under Texas case law, resisting arrest is considered a lesser included offense of assault on a public servant.  *Accord Ortega v. State*, 171 S.W.3d 895, 900 (Tex. Crim. App. 2005) (holding assault and resisting arrest are not the same for double jeopardy purposes); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (noting "greater inclusive and lesser included offenses are the same for double jeopardy purposes").  The case law relied upon by petitioner for this ground of error is no longer good law.  *See Sutton v. State*, 548 S.W.2d 697 (Tex. Crim. App. 1977), *overruled by Hall v. State*, 225 S.W.3d 524, 531 n. 30 (Tex. Crim. App. 2007).

Even if the Court considers resisting arrest to be a lesser included offense of assault on a public servant, petitioner has not shown ineffective assistance of counsel.  Petitioner is correct that his attorney did not, in writing, request an instruction on any lesser included offense.  As detailed above, however, petitioner's attorney was not required to formally submit, via written motion, a

request for a jury instruction on a lesser included offense charge since his trial was without a jury. *See Shute*, 877 S.W.2d at 314. The trial judge was automatically authorized to find petitioner guilty of any lesser included offense and did not need a formal motion to do so. *See id.*; *Collier*, 999 S.W.2d at 784. Petitioner's trial attorney was not deficient for failing to file an unnecessary motion.[4] *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Additionally, the statute proscribing resisting arrest states a person commits the offense if he prevents "a person he knows is a peace officer" from effectuating an arrest. Tex. Pen. Code Ann. § 38.03(a) (Vernon 2011). Petitioner's defense at trial was that he did not realize Officer Ponder was a police officer and that he (Webb) was acting in self-defense. It would have been inconsistent for petitioner's attorney to argue Webb did not know Ponder was a police officer on the assault charge yet did know Ponder was a police officer for purposes of the resisting arrest charge, which requires knowledge that the person is a peace officer. An argument more consistent with Webb's defense would have been that Webb was guilty only of the lesser included offense of misdemeanor assault, an argument petitioner's attorney did make. (RR, vol. 3, pg. 145).

Petitioner has also failed to demonstrate prejudice. Petitioner contends had his attorney formally requested the jury instruction on a lesser included offense, he could have appealed the trial court's determination that he was guilty of something more than the lesser included offense. (Memo, pg. 8). As set forth above, if the appellate court determined petitioner was guilty only of the lesser included offense of resisting arrest, that court could have reversed the conviction and

---

[4] Defendant references the two-step test established in Texas law for when a defendant is entitled to a jury charge on a lesser included offense. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 444 (Tex. Crim. App. 1981). *Royster* and its progeny, however, are applicable to jury charges at jury trials; petitioner has presented nothing indicating *Royster* is applicable to bench trials. *See Royster*, 622 S.W.2d at 446-47 (establishing the two-step analysis for application in jury trials). While research by the Court yielded nothing directly on point, it appears *Royster* is not applicable to bench trials. *See Herring*, 202 S.W.3d at 764.

reformed the judgment.  *See Herring*, 202 S.W.3d at 764.  Petitioner did not need a formal motion to appeal on such grounds.  *See id.*  This ground of error is without merit.

2.  Failure to Object to Affidavit

In his fifth ground of error, petitioner complains the State, during grand jury proceedings, offered into evidence a "false and misleading" affidavit which failed to indicate Officer Ponder was not wearing a full uniform.  (Memo, pg. 12).  Petitioner contends he suffered ineffective assistance of counsel when his attorney failed to object to the use of the affidavit during grand jury proceedings.[5]

The Texas Code of Criminal Procedure is clear in that defense counsel is not allowed in the grand jury room while the grand jury is conducting proceedings.  Tex. Code Crim. Proc. Ann. art. 20.011(a) (Vernon 2005).  "No person other than the attorney representing the State or a grand juror may question a witness before the grand jury."  *Id.*, art. 20.04.  The attorney representing the defendant may, however, generally address the grand jury with the State attorney's approval.  *Id.*

Initially, the Court notes the affidavit petitioner relies upon in making this argument appears to be the Complaint, which is not part of the official record before the Court.  There is no indication whether the Complaint was presented to the grand jury.  Petitioner fails to point to anything beyond his pure speculation establishing the grand jury ever reviewed the Complaint.  *See Ross*, 694 F.2d at 1011-12.

Assuming the grand jury was presented with the Complaint, and assuming the Complaint

---

[5] Respondent contends this ground of error is unexhausted.  Review of the state habeas corpus record, however, indicates Webb contended, "Applicant Was Denied Effective Assistance of Counsel: Counsel Failed to Object To State Offering False and Misleading Affidavit Offered To The Grand Jury."  (*In re Webb*, WR-63,254-03, State Habeas Corpus Records, pg. 8).  Petitioner's argument before the CCA is sufficiently similar to the argument made before this Court to consider the contention properly exhausted.

contained false information, petitioner remains unable to demonstrate ineffective assistance.[6] Petitioner's trial attorney stated in an affidavit[7] that he was not allowed in the grand jury proceedings and "had no knowledge of anything submitted to the Grand Jury." (SHCR, pgs. 59-60). This statement comports with the general rule that defense attorneys are not allowed in grand jury proceedings, and even if they are allowed in such proceedings, they are statutorily forbidden from questioning a witness before the grand jury. *See* Tex. Code Crim. Proc. Ann. arts. 20.011(a), 20.04 (Vernon 2005). Petitioner has failed to demonstrate his attorney was deficient for failing to object to the submission of the Complaint because (i) there is nothing indicating the grand jury reviewed the Complaint and (ii) petitioner's attorney was not allowed in the proceedings and therefore could not have possibly objected even if the Complaint was submitted for review. Petitioner has failed to demonstrate deficient performance.

Assuming, *arguendo*, petitioner had established deficient performance, he has failed to show prejudice. Even if the grand jury was misled into believing Officer Ponder was wearing a full uniform, the trial judge at petitioner's bench trial heard evidence as to the exact clothing the officer was wearing and still convicted petitioner of assault on a public servant. Any error in the grand jury proceedings was cured by the bench trial on the issue of guilt. *See United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 942, 89 L.Ed.2d 50 (1986) (stating a guilty verdict after trial cures error at the grand jury stage). Petitioner has failed to demonstrate either deficiency or prejudice. This

---

[6] The Court notes petitioner fails to attempt to apply the *Strickland* standard in this ground of error and instead directs his arguments towards a contention of prosecutorial misconduct.

[7] The affidavit was written by petitioner's trial attorney for and attached to the State's answer in the state habeas corpus application challenging the burglary conviction. The same affidavit was presented in the state habeas corpus application challenging the assault conviction. The affidavit was attached as an exhibit both to petitioner Webb's initial application and to the State's answer. Petitioner also attached the affidavit as an exhibit to his memorandum of law in support of his habeas corpus petition before the Court in this case.

ground of error is without merit.

### 3.   Promise of Probation

In his seventh ground of error, petitioner avers he received ineffective assistance of counsel because his trial attorney incorrectly advised him he was eligible for probation when he was not. Petitioner contends he "would never have gone to a bench trial knowing that probation was not a factor." (Memo, pg. 17).  In response to petitioner's state habeas corpus application on the burglary conviction, his trial attorney filed an affidavit.  In that affidavit, the trial attorney stated:

> I never told Mr. Webb that he was likely to receive probation . . . I did file Mr. Webb's Defendant's Application for Community Supervision (from the court) on 05/30/07 . . . I filed the probation application in the remote possibility that should his indictment enhancements not be proven at trial, he would at least be eligible for probation if an enhancement failed; however, I was always candid that due to his criminal history of several burglaries, the State would never offer probation as a plea bargain, nor would he receive probation at any contested trial due to the likelihood that the enhancements would be proven.
> . . .
> Once Mr. Webb, prior to trial, agreed to plead true to the enhancements at trial, he knew that he was not going to be eligible for or have any possibility of probation.

(State Habeas Corpus Records, *In re Webb*, WR-63,254-03, pg. 60).  The affidavit was included in the record of the state habeas corpus challenge to the assault conviction, as an exhibit to both petitioner's original habeas corpus application and the State's answer.  It is additionally attached as an exhibit to petitioner's memorandum in support of the habeas corpus petition in this case.  (Memo, Exhibit #10).  Even though the state court never passed upon the validity of this affidavit in regards to the assault on a public servant conviction, which is challenged in this case, this Court takes judicial notice of this affidavit from the state court records.  *See Zimmerman v. Spears*, 565 F.2d 310, 312 (5th Cir. 1977) (establishing the court's ability to take judicial notice of records *sua sponte*).

The Court is left with two diametrically opposed sworn statements on this issue—one from petitioner, saying his attorney told him he would be eligible for probation, and one from petitioner's trial attorney, saying the attorney told petitioner that he would not be eligible for probation once the enhancements from the indictment were proven. The Court has evaluated the State court records and the submissions of petitioner. Although there appears to be no other evidence, apart from the two statements, on this issue, it appears an evidentiary hearing is not warranted. The Court already has before it the sworn statements of petitioner and his trial attorney. If petitioner had additional evidence on this issue, such as written correspondence between himself and his attorney or other forms of evidence apart from his own statements, a different result on the determination of the necessity of an evidentiary hearing might be warranted.[8]

The Court must evaluate the statements from petitioner and his trial attorney in light of the burden of proof on petitioner, which the Supreme Court has established is the "highly deferential" presumption that petitioner's trial attorney effectively represented him. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Petitioner's sworn statement alone is insufficient to overcome this strong presumption, especially when it is directly contradicted by the trial attorney's statement. The Court additionally recognizes that the attorney's statement is consistent with the zealous representation provided to petitioner. What the trial attorney says he told petitioner makes sense. Likewise, it does

---

[8] "To prevail on an ineffective assistance of counsel claim, the claimant carries the burden of proof and must overcome a strong presumption that the conduct of claimant's trial counsel falls within the wide range of reasonable professional assistance." *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (internal citation omitted); *see Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Consequently, as discussed below, even if petitioner Webb had additional evidence regarding this issue, the evidence would have to be substantial and extremely persuasive in order for him to prevail at this level. *See Alexander*, 775 F.2d at 602; *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. It seems unlikely an evidentiary hearing would uncover any such evidence, especially in light of the fact that petitioner has not indicated any such evidence exists. Furthermore, assuming *Harrington v. Richter*, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) applies, the Court would be unable to expand the record from that before the state court. The record before the state court does not contain evidence indicating petitioner could overcome the *Strickland* strictures in proving ineffective assistance of counsel.

not make as much sense that petitioner, who had in the past been incarcerated for prior burglaries, would have expected to be released only on probation for a conviction of burglary and assault on a public servant.  In any event, proving ineffective assistance of counsel in violation of the Sixth Amendment in a case where the attorney's statement indicates his actions were proper requires more than the conclusory allegations of the petitioner.  *See Ross*, 694 F.2d at 1011-12.  Petitioner has failed to show deficient performance by his attorney.  *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner has also failed to show prejudice.  Petitioner indicates he would not have proceeded to bench trial were it not for the incorrect advice of his attorney regarding his eligibility for probation.  Apart from a bench trial, the only other options left for petitioner would have been a plea agreement or a jury trial.  Regarding a plea agreement, the affidavit of petitioner's trial attorney indicates the State offered petitioner fifteen years' incarceration, reduced from the first offer of thirty-five years.  State Habeas Corpus Records, *In re Webb*, WR-63,254-03, pg. 60).  Petitioner rejected the offer.  (*Id.*).  According to the affidavit, petitioner "maintained that he was innocent and would not accept any plea bargain offer for prison time." (*Id*)  Petitioner's contention that he was simply in the wrong place at the wrong time and was actually innocent is consistent with the position petitioner took at trial and the position he now takes before this Court.  Therefore, it appears the trial attorney's affidavit on this issue is reliable.  Additionally, there is no reason for the Court to conclude a jury would have found petitioner not guilty or would have given him a sentence less than the one imposed at the bench trial.  Petitioner has not shown how he was prejudiced even if his attorney had offered inaccurate advice.  *See id.*  This ground of error is without merit.

4.   Failure to Object to the Admission of Extraneous Offense Evidence

In his ninth ground of error, petitioner avers his trial attorney should have objected to the State's mention of a prior burglary conviction during the guilt portion of trial.  At trial, the following transpired during Webb's cross-examination by the prosecutor:

Q.      And were you supposed to be out that late at night when you're on parole?
        Did you have a curfew?

A.      There was no curfew, ma'am.

Q.      Okay.  Did you have a -- how long had you been on parole here in Amarillo
        when you got arrested this time?

A.      A year.

Q.      Okay.  And you're on parole for burglary of a habitation.  Correct?

A.      Yes, ma'am.

(RR, vol. 3, pg. 128).  Petitioner's trial attorney did not object to this line of questioning.

Under the Texas Rules of Evidence, "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude."  Tex. R. Evid. 609(a).  Such impeachment evidence may not be offered if the conviction is more than ten years old or if the adverse party fails to give the witness sufficient advance written notice of its intent to use such evidence.  *Id.* 609(b), (f).

In this case, the prosecutor filed a written "Notice Pursuant to Rules 404(b) and 609(f) and Article 37.07," stating the prosecution intended to offer evidence of Webb's prior burglary convictions at both the guilt/innocence and sentencing phases of trial.  (Clerk's Record [hereinafter CR], pg. 16).  The prior convictions occurred in April 1993 and April 1998.  The trial was in August

2007, which was less than ten years after the April 1998 conviction apparently referenced by the prosecution. Both burglary convictions were classified as felonies. Evidence of the prior conviction was elicited from Webb.

In sum, proper notice was given, the referenced offense was less than ten years old, the offense was a felony, and evidence of the offense was offered as impeachment evidence during Webb's testimony. There were no grounds upon which Webb's attorney could have based an objection. Accordingly, Webb did not receive ineffective assistance of counsel based upon his trial attorney's failure to object. *See Koch*, 907 F.2d at 527 (holding an attorney does not render ineffective assistance by failing to make futile motions or objections). This ground of error is without merit.

### 5. Failure to Object to the Indictment

In his tenth and eleventh grounds of error, petitioner contends he received ineffective assistance of counsel when his trial attorney failed to object to the indictment and when his appellate attorney failed to challenge it on appeal. According to petitioner Webb, the indictment "shows two enhancements that fail to show that the dates are a final conviction and failed to show what date the two offenses were committed." (Memo, pg. 22). Petitioner contends because the State failed to prove the date on which the first and second felonies were committed, his classification as a repeat offender under Texas Penal Code section 12.42(d) was incorrect. His attorney, petitioner avers, should have objected to the enhancement on this ground, and his appellate attorney should have appealed the judgment on this same basis.

"[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."

*Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) (quoting *Linder v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)).  The Texas Court of Criminal Appeals' denial of relief on a habeas corpus application challenging the indictment is a sufficient basis to conclude the highest state court has held the indictment properly gave Texas courts jurisdiction.  *See id.*  The Court of Criminal Appeals, however, incorrectly dismissed Webb's state habeas corpus application as successive case, and therefore did not reach the merits of whether the indictment gave the trial court jurisdiction.  Consequently, this Court must look to state law to review Webb's claim.

Under the Texas Penal Code, a defendant is classified as a repeat offender if the State proves he had "previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." Tex. Pen. Code Ann. § 12.42(d) (Vernon 2011).  A defendant is entitled to notice if the State seeks to use prior convictions to enhance his sentence.  *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997).  "[A]lleging an enhancement in the indictment is not the only reasonable method of conveying such notice."  *Id.*  In fact, under Texas law, "prior convictions used as enhancement paragraphs must be pled in some form, but they need not be pled in the indictment."  *Id.*  If the State chooses to employ enhancement paragraphs in the indictment, those paragraphs must afford the defendant adequate notice of the specific conviction relied upon.  *Daniels v. State*, 754 S.W.2d 214, 218 (Tex. Crim. App. 1988).  The State "is not required to plead evidentiary facts which are not essential to provide the required notice to the accused."  *Id.*

Petitioner's complaint that the indictment was insufficient for not containing enough information in the enhancement paragraphs has no merit because enhancement paragraphs are not required to be pled in the indictment at all.  *See Brooks*, 957 S.W.2d at 33.  Webb's trial attorney

was not deficient for failing to object to the indictment on such grounds, and his appellate attorney was not deficient for failing to challenge the indictment on appeal based upon such an argument. *See Koch*, 907 F.2d at 527.

Moreover, petitioner has not demonstrated prejudice.  The purpose of the enhancement paragraphs was to provide Webb with notice of the State's intention of using his prior convictions for enhancement purposes.  *See Daniels*, 754 S.W.2d at 218.  Petitioner never contends he received inadequate notice of which convictions the State intended to use in order to enhance his punishment. In fact, the enhancement paragraphs must have been sufficient to provide petitioner with notice because he pled true to both paragraphs.  (RR, vol. 3, pg. 147).  The enhancement paragraphs served their purpose of providing petitioner with sufficient notice, and were therefore proper.

Rather than contend he did not receive the notice required under state law, petitioner's argument is instead based on what he apparently considers a technical deficiency.  Review of the record, however, reveals no such technical deficiency exists.

The indictment in Webb's case contained two enhancement paragraphs:

> Before the commission of the offense alleged above, hereafter styled the primary offense, on April 23, 1993, in Cause No. 8305-A, in the 47th District Court of Randall County, Texas, the defendant was convicted of the felony of burglary of a habitation, enhanced.

> Before the commission of the primary offense, and after the conviction in Cause No. 8305-A was final, the defendant committed the felony of burglary of a habitation and was convicted on April 9, 1998, in Cause No. 11,994-B in the 181st District Court of Randall County, Texas.

(CR, pg. 1).  While these paragraphs do not contain the actual dates of when the offenses were committed or when they became final, such is not required by Texas law.  *See Daniels*, 754 at 218. The paragraphs do allege the critical elements that the petitioner was convicted of the first felony

before he committed the primary offense *and* was convicted of the second felony before committing the primary offense and after the conviction on the first felony became final.

During the punishment phase of trial, the court, over Webb's objection, admitted into evidence the pen packets of Webb's two prior burglary of a habitation convictions. (RR, vol. 3, pg. 151). Those packets contained the judgments in both cases, which indicated the dates on which the offenses were committed and the dates of the convictions. (RR, vol. 4, State's Exhibit 11, pg. 3; State's Exhibit 12, pg. 3). Therefore, petitioner's contention "[t]he record in this case shows that the State introduced no evidence of the date on which the first and second felonies alleged for the purpose of enhancement was committed" is incorrect. (Memo, pg. 22).

Moreover, the evidence admitted during the punishment phase of trial indicated Webb did not appeal either of the convictions, both of which were based upon his guilty plea. (RR, vol. 4, State's Exhibit 11, pgs. 5-6; State's Exhibit 12, pg. 5). Therefore, the convictions were final thirty days from the day judgment was entered. *See* Tex. R. App. P. 26.2(a). Clearly then, the April 23, 1993 judgment on the first conviction was final before February 28, 1998, when petitioner committed his second felony burglary of a habitation. *See id.*; (RR, vol. 4, State's Exhibit 11, pg. 3; State's Exhibit 12, pg. 3). Petitioner's argument the State failed to prove the second prior felony was committed after the first prior felony became final is also incorrect.

Petitioner has failed to demonstrate deficient performance by either his trial or appellate attorney. He has also not shown prejudice. These grounds of error are without merit.

### D.  *Prosecutorial Misconduct*

#### 1.  Statements at Trial

In his fourth ground of error, petitioner complains of the statement made by the prosecutor

during opening arguments that the first police officer to arrive was wearing a "detective's uniform." Petitioner contends the State made the statement "to give [the officer] a higher status and to mislead the court into believing a uniform was worn as [sic] the capacity of a detective." (Memo, pg. 11).

In determining prosecutorial misconduct claims based on something a prosecutor said, a reviewing court must (i) assess whether the prosecutor made an improper remark and (ii) ask whether the defendant was prejudiced. *United States v. Davis*, 609 F.3d 663, 677 (5th Cir. 2010). In evaluating whether the defendant was prejudiced, the reviewing court looks to three factors: (a) the magnitude of the prejudicial effect of the remarks; (b) the efficacy of any cautionary instruction given by the judge; and (c) the strength of the evidence supporting the conviction. *Id.*; *Styron v. Johnson*, 262 F.3d 438, 449 (5th Cir. 2001).

During opening arguments, the prosecutor stated the officer, at the time of the incident, was "wearing a uniform that he has on today, a detective uniform." (RR, vol. 3, pg. 10). At trial, the officer testified he was not in full uniform the night he encountered petitioner, but was instead wearing slacks and a polo shirt with the Amarillo Police Department emblem, measuring approximately two inches, displayed on the front. (*Id.*, pg. 48). The Court has not found any testimony establishing whether the officer's uniform was considered a "detective uniform."

Petitioner has failed to show the prosecutor made an improper remark. *See Davis*, 609 F.3d at 677. Petitioner complains the prosecutor's description of the officer's uniform as a "detective uniform" was false. He fails, however, to show how such a description is false. Even if it is assumed the description was incorrect, petitioner has failed to show the prosecutor made the statement knowing it was false. *See Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988) (denying habeas petition because there was no proof of prosecutor's knowledge of falsity of testimony).

Moreover, petitioner has failed to demonstrate prejudice.  The passing remark was made once during opening arguments.  There was ample testimony regarding the officer's uniform and his position in the police department.  (RR, vol. 3, pgs. 13-15).  In the context of the full trial, the remark had little to no prejudicial effect.  There was no objection to the remark, and there was no jury, so there was no cautionary instruction.[9]  As reviewed above, there was evidence supporting the conviction.  Assuming there was prosecutorial misconduct, petitioner has failed to show harm sufficient to meet federal habeas corpus requirements.  *See Davis*, 609 F.3d at 677.  This ground of error is without merit.

### 2.  Extraneous Offense Evidence

In his eighth ground of error, petitioner avers the prosecutor committed reversible error when she questioned petitioner, on cross-examination during the guilt/innocence phase of trial, about one of his prior burglary convictions.  Specifically, the prosecutor asked petitioner if he was on parole for burglary of a habitation at the time of the arrest, and he responded that he was.  (RR, vol. 3, pg. 128).  Petitioner's trial attorney did not object to the question.[10]

As reviewed in section IV.C.4, above, the line of questioning was appropriate under rule 609 of the Texas Rules of Evidence for purposes of attacking petitioner's credibility as a witness. Petitioner contends the question was more prejudicial than probative and should have been excluded under rule 403 of the Texas Rules of Evidence.  That argument is procedurally barred.  *See Dow*

---

[9]  Under Texas law, if the prosecution makes improper statements, then the offended party must object when the improper comment is made.  *See Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).  If the offended party does not object, the complaint is not preserved for review on direct appeal.  *Id.*  Consequently, if the offended party did not object to improper prosecutorial arguments at trial, then any federal habeas corpus claim based upon the allegedly improper arguments is procedurally defaulted under the Texas contemporaneous objection rule.  *See, e.g., Barrientes*, 221 F.3d at 779.

[10]  Because the trial attorney did not object to the question, any challenge to it on federal habeas corpus review is procedurally defaulted.  *See Dow Chemical Co.*, 46 S.W.3d at 241.

*Chemical Co.*, 46 S.W.3d at 241.  Even if it were not procedurally barred, the mention of the prior conviction was made but once during the guilt/innocence phase of trial.  (RR, vol. 3, pg. 128).  The prejudicial effect of a single question and answer did not overwhelm the probative value of knowing a testifying witness had a prior felony conviction.  Petitioner also contends the question was barred under rule 404 of the Texas Rules of Evidence.  That rule, however, prohibits the admission of character testimony to prove a person acted in conformity with his character.  The question was not to show petitioner was acting in conformity with his character but rather was to impeach his credibility as a witness.  The questioning was therefore in accordance with the Texas Rules of Evidence.  Even if the issue were not procedurally barred, petitioner has not demonstrated prosecutorial misconduct.  *See Davis*, 609 F.3d at 677.  This ground of error is without merit.

### E.  Attire During Trial

In his sixth ground of error petitioner contends his due process rights were violated when he was forced to wear jail clothing and appear in restraints during his trial.  In general, courts have held an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the defendant's presumption of innocence.  *Estelle v. Williams*, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976).  The case law relevant to the issue, however, establishes that seeing a defendant in such identifiable attire may affect *a juror's* judgment.  *Id.*, 96 S.Ct. at 1693.  The Court has not found any binding case law on point for the presumed impact on a judge, acting as the fact-finder, of seeing a defendant in prison garb and shackles.  Additionally, the Constitution is violated if a defendant is *compelled* to stand trial in a prison or jail uniform.  *See id.*, 96 S.Ct. at 1693.  If, at trial, a defendant appears wearing a prison or jail uniform, "the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient

to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512-13, 96 S.Ct. at 1697.

The conviction petitioner challenges was the result of a bench trial. A jury was never involved in his case. The record does not support petitioner's statement that he was forced to wear jail clothing during trial. It does, however, indicate petitioner was forced to wear handcuffs. At the bench trial, the following transpired:

> [DEFENSE COUNSEL]:      . . . And I have one request, Your Honor. Mr. Webb is in handcuffs. We would request they be removed during the trial.
>
> THE COURT:      That's actually the sheriff department's policy and I don't have any authority over that.
>
> [DEFENSE COUNSEL]:      Okay.
>
> THE COURT:      And certainly I'm not going to let it prejudice me with regard to it --
>
> [DEFENSE COUNSEL]:      Well, I understand.
>
> THE COURT:      -- because I know he's in custody, so -- but I can't do that without talking to the sheriff and --
>
> [DEFENSE COUNSEL]:      All right, Judge. I didn't realize that he was until just now.

(RR, vol. 3, pg. 7). Later on, when establishing a time line of events, the prosecutor stated petitioner bonded out of jail in the afternoon of the day of the offense (December 28, 2006) and was then rearrested and put back into jail on December 29, 2006. (*Id.*, pg. 87). Defense counsel agreed with this time line and added, "I think he's -- he's been in jail ever since." (*Id.*).

First, because this was a non-jury trial with the judge acting as fact-finder, the handcuffs did not create the same level of prejudice they would have created to a jury and/or juror, and in fact, created no prejudice. This is especially so in light of the trial judge's explicit statement that seeing

the defendant in handcuffs would not prejudice him. Additionally, petitioner's attorney never objected to defendant being in handcuffs during the bench trial. The failure to object to Webb appearing in handcuffs was sufficient to negate any later contention that Webb was compelled to the extent necessary to establish a constitutional violation. *See Williams*, 425 U.S. at 512-13, 96 S.Ct. at 1697. This ground of error is without merit.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KENNETH GLENN WEBB  be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of March, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).